## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**Roberta L. Calvert**                                                                                             **Plaintiff**

**v.**                                          **No. 4:15CV00215 JLH-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                                **Defendant**

### Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Roberta L. Calvert seeks judicial review of the denial of her application for social security disability benefits.[3] Calvert last worked as an accounting technician for the Tennessee Department of Labor and Workforce.[4] She stopped working when she moved to Arkansas.[5] Eight months later, she applied for disability benefits. She based disability on degenerative disc disease, emphysema, and a hole in her eardrum.[6]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ identified back disorder and emphysema as severe impairments.[7] The ALJ determined Calvert can do some light work,[8] and her past sedentary work.[9] Because a person who can do past work is not disabled under social security law, the ALJ denied the application.

---

[3]SSA record at pp. 195 & 200 (applying on July 31, 2012 and alleging disability beginning Nov. 15, 2011).

[4]*Id*. at pp. 229, 250 & 257.

[5]*Id*. at p. 437 (Nov. 7, 2011: reporting that she is moving next week).

[6]*Id*. at p. 248.

[7]*Id*. at p. 13.

[8]*Id*. at p. 14.

[9]*Id*. at p. 20.

After the Appeals Council denied review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Calvert filed this case to challenge the decision.[12] This recommendation explains why the court should affirm the decision.

**Calvert's allegation**. Calvert challenges the ALJ's credibility evaluation. She says the evaluation was inadequate for discounting her testimony and the testimony of her husband. This error, she says, resulted in an erroneous determination about her ability to work. She contends substantial evidence does not support the decision.[13]

**Applicable legal principles**. When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] For

---

[10] *Id.* at p. 1.

[11] *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12] Docket entry # 1.

[13] Docket entry # 9.

[14] *See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is

substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Calvert can do past work.

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[15]  The ALJ determined Calvert's impairments posed non-exertional limitations and placed the following limitations on light work: (1) occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and (2) avoid moderate exposure to fumes, dusts, odors, gases, and poor ventilation.[16]  The question for the court is whether a reasonable mind will accept the evidence as adequate to show Calvert can work within these limitations.

A reasonable mind will accept the evidence as adequate for the following reasons:

> 1. **Medical evidence establishes no disabling symptoms**.  A claimant must prove disability with medical evidence; subjective allegations are not enough.[17]  Remote medical evidence shows a history of eardrum

---

substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[15]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[16]SSA record at p. 14.

[17]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory

4

repair,[18] moderate restrictive lung disease,[19] and mild degenerative changes in the lumbar spine.[20] A musculoskeletal specialist attributed back pain to smoking,[21] but Calvert continued to smoke.[22]

The more relevant evidence — evidence from the time period for which benefits were denied — shows no lung obstruction.[23] Diagnostic

---

diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[18]SSA record at p. 362 (Mar. 2, 2009: operative report for ear drum repair) & p. 340 (Apr. 17, 2009: healing well, hearing improved).

[19]Id. at p. 475 (Sept. 20, 2002: pulmonary function testing showing moderate restrictive lung disease).

[20]Id. at p. 327 (May 7, 2009: per neurosurgeon, diagnostic imaging shows mild degenerative disc disease; most of her problems are mechanical).

[21]Id. (she needs to get off nicotine immediately).

[22]Id. at p. 459 (May 21, 2013 (she's been smoking half a pack of cigarettes daily).

[23]Id. at p. 502 (Mar. 14, 2013: pulmonary function testing shows no obstruction).

imaging showed slight emphysema.[24] Calvert controlled respiratory symptoms by cutting back on smoking and taking medication.[25] According to a lung specialist, good nutrition and exercising are the most important considerations in improving respiratory symptoms.[26]

Calvert complained about back pain, but pain medication worked well.[27] She continued to smoke.[28] An ear specialist recommended an evaluation for ear drum repair and recommended hearing aids.[29] There's no indication Calvert pursued the recommendations. Medical recommendations indicate problems with back pain and hearing can be controlled with treatment. Symptoms that can be controlled by treatment are not considered disabling.[30]

2. **Inconsistencies support the credibility evaluation.** Calvert testified that back pain forces her to spend all day in bed, on the couch, or in a recliner.[31] She said her gynecologist told her to limit lifting to five pounds.[32] She claimed she uses a breathing treatment four times daily.[33] Her husband testified about similar symptoms.[34] Calvert complains

---

[24]*Id.*

[25]*Id.*

[26]*Id.*

[27]*Id.* at p. 461.

[28]*Id.* at p. 462.

[29]*Id.* at p. 451.

[30]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[31]SSA record at pp. 42, 49, 51 & 53-54.

[32]*Id.* at p. 47.

[33]*Id.* at p. 46.

[34]*Id.* at pp. 56-60.

because the ALJ discounted the credibility of the allegations.

An ALJ must evaluate the claimant's credibility because subjective complaints play a role in determining the claimant's ability to work.[35] An ALJ may discount subjective allegations based on "inconsistencies in the evidence as a whole."[36] A reviewing court must "defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so."[37]

The ALJ discounted the testimony because the "severity of symptoms and limitations alleged by the claimant are simply not consistent with the objective medical evidence of record."[38] This reason is a good reason for discounting allegations.

As the ALJ observed, Calvert's most "recent pulmonary function study indicated moderate COPD without obstruction, and it was noted that she was doing 'quite well on Advair and nebulizers.'"[39] Calvert gave conflicting reports about when she stopped smoking.[40] Calvert may have back pain, but diagnostic imaging of the back provides no basis for disabling pain.

---

[35] *Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[36] *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[37] *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010).

[38] SSA record at p. 20.

[39] *Id*.

[40] *Compare id*. at p. 64 ("I haven't smoked in almost two years. … Well … I haven't smoked in way over a year.") *with id*. at p. 65 (stopped smoking three months ago). *See id*. at p. 443 (Aug. 27, 2012: reporting that she is a non-smoker), p. 450-51 (Mar. 5, 2013: she says she stopped smoking in Jan. 2011, but she smells like cigarette smoke), p. 502 (Mar. 14, 2013: she says she no longer smokes), p. 464 (Apr. 1, 2013: smoking one pack per day), p. 462 (Apr. 30, 2012: smoking .5 pack per day) & p. 458 (May 21, 2013 (smoking .5 pack per day).

7

Calvert alleges disabling symptoms, but she's had little medical treatment. Initially, the lack of treatment may have flowed from losing medical insurance, but soon after she obtained medical insurance.[41] When she sought treatment, a lung specialist recommended good nutrition and exercise.[42] An ear specialist recommended a surgical consultation and hearing aids.[43] A pain specialist prescribed pain-relief measures.[44] Treatment records document low back tenderness and decreased range of motion,[45] and diminished hearing,[46] but nothing supporting alleged symptoms. The inconsistency between the allegations and the medical evidence, treatment history, and prescribed treatment provide a sufficient basis for discounting credibility.

3. **Vocational evidence supports the decision**. After determining Calvert's ability to work, the ALJ asked a vocational expert about past work. The vocational expert classified Calvert's past work as an accounting technician, accounting clerk, and employment clerk as skilled sedentary work; work as an inventory clerk was classified as semi-skilled-medium work.[47] According to the vocational expert, a person who can do light work with the ALJ's limitations can work as an accounting technician, accounting clerk, and employment clerk.[48] The vocational evidence supports the determination that Calvert can do her

---

[41]*Id*. at pp. 288 & 292 (attributing lack of treatment to gap in medical insurance after Calvert stopped working until husband obtained new job).

[42]*Id*. at p. 502.

[43]*Id*. at p. 451.

[44]*Id*. at pp. 459, 462 & 466.

[45]*Id*. at p. 465.

[46]*Id*. at p. 451.

[47]*Id*. at p. 67.

[48]*Id*. at p. 68.

past work. A person who can do her past work is not disabled under social security law.[49]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to show Calvert can do past work. The ALJ did not err in evaluating credibility. For these reasons, the undersigned magistrate judge recommends DENYING the request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 21st day of April, 2016.

_____
United States Magistrate Judge

---

[49] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("If you can still do your past relevant work, we will find that you are not disabled.").